WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wanda Elaine Smith-Jeter,<br><br>    Plaintiff,<br><br>vs.<br><br>City of Scottsdale, et al.,<br><br>    Defendants. | No. CV-21-00846-PHX-SPL<br><br>**ORDER** |

  Before the Court is Defendant City Attorney Sherry R. Scott's ("City Attorney Scott") Motion to Dismiss (Doc. 21) in which she requests that this Court issue an order dismissing her from this case with prejudice. The Motion has been fully briefed and is ready for review.[1] (Docs. 21, 29, 30). After reviewing the parties' briefing, the Court issues the following Order granting Defendant's Motion.

**I.  BACKGROUND**

  On June 10, 2021, Plaintiff Wanda Elaine Smith-Jeter filed an Amended Complaint (Doc. 6), alleging a violation of civil rights under 42 U.S.C. § 1983. In the field provided for "Defendant No. 1" under Section I(B) of the Amended Complaint, Plaintiff listed "City of Scottsdale – City Attorney's Office." (*Id.* at 2). In the field provided for "Job or Title (*if known*)" in the same "Defendant No. 1" section, Plaintiff listed "Sherry R. Scott, City

---

[1] Because it would not assist in resolution of the instant issues, the Court finds the pending motion is suitable for decision without oral argument. *See* LRCiv. 7.2(f); Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

Attorney." (*Id.*). Plaintiff listed Al Angelo Company as "Defendant No. 2" and left the fields for "Defendant No. 3" and "Defendant No. 4" blank. (*Id.* at 2–3). The Amended Complaint asserts claims for (i) discrimination, hate crimes, harassment, and intimidation and (ii) retaliation. (*Id.* at 5).

Under Section III of the Amended Complaint—titled "Statement of Claim"—Plaintiff alleges that she and her husband live in a Scottsdale, Arizona apartment unit managed by Defendant Al Angelo Company. (*Id.*). Plaintiff and her husband are "Black/African-Americans," ages 66 and 69 respectively, and living with disabilities and mobility issues. (*Id.*). Plaintiff refers to "City of Scottsdale" as a Defendant and alleges discrimination related to their relocation to and application for housing in the city. (*Id.*).

## II.   LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief" so the defendant is given fair notice of the claim and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Rule 8(a)(2)). A court may dismiss a complaint for failure to state a claim under Rule 12(b)(6) for two reasons: (1) lack of a cognizable legal theory, or (2) insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When deciding a motion to dismiss, all allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).

## III.   ANALYSIS

City Attorney Scott argues that Plaintiff intended to name only two Defendants in this action—Al Angelo Company and the City of Scottsdale—and that the Amended Complaint fails to allege that City Attorney Scott or the Scottsdale City Attorney's Office played any role in the alleged deprivation of Plaintiff's constitutional rights. (Doc. 21 at 2). Thus, City Attorney Scott asserts that Plaintiff has failed to state a claim against her and that her motion to dismiss should be granted as a result. (*Id.* at 4). In the Response, Plaintiff

primarily restates City Attorney Scott's own arguments and fails to otherwise justify or explain her inclusion of City Attorney Scott as a Defendant in this matter.[2] (Doc. 29 at 1).

After reviewing the Amended Complaint, this Court agrees with City Attorney Scott. Even if Plaintiff's factual allegations are taken as true, Plaintiff would not be entitled to relief against City Attorney Scott. "The most fundamental requirement of the Federal Rules is that a pleading afford 'fair notice' of the claim being asserted and the 'grounds upon which it rests.'" *Hobson v. Temple-Inlet*, No. CV 07-1318-PHX-SMM, 2007 WL 3101837, at *2 (D. Ariz. Oct. 22, 2007) (citations omitted). "Even pro se litigants must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Id.* (citing *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *see also Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 319 (2007) ("[T]he complaint must say enough to give the defendant 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'").

Here, Plaintiff's factual allegations do not even mention City Attorney Scott or the City Attorney's Office in any capacity. (Doc. 6 at 4–6). Plaintiff's allegations of discrimination thus have nothing to do with City Attorney Scott or the City Attorney's Office, at least as those allegations are described in the Amended Complaint. Instead, Plaintiff's allegations relate to actions apparently taken by the Al Angelo Company and the City of Scottsdale, the only two Defendants mentioned in Plaintiff's Statement of Claims. (Doc. 6 at 5). As a result, City Attorney Scott is left without any notice of the allegations against her and she is dismissed as a party to this action. *See Hobson*, 2007 WL 3101837, at *2 (dismissing case pursuant to Rule 12(b)(6) because complaint failed to

---

[2] Confusingly, Plaintiff concludes her Response by stating, "There are no claims against City Attorney Scott in this case and therefore, I the plaintiff (pro se), respectfully disagree with this 'Motion to Dismiss (Doc. 21)' and 'Certificate of Conferral (Doc. 21-1)'; and ask that this 'Motion to Dismiss', not be granted by the Court." (Doc. 29 at 3).

The Court is uncertain whether this statement by Plaintiff is an acknowledgement that there are, in fact, no claims against City Attorney Scott—thereby justifying City Attorney Scott's dismissal from the case—or if this was merely a mistake by Plaintiff in drafting her Response.

3

mention Defendant at all, "let alone provide notice of circumstances which gave rise to a viable claim"); *Jones v. Town of Quartzsite*, No. CV-13-02170-PHX-DJH, 2015 WL 12551172, at *5 (D. Ariz. Mar. 30, 2015) (finding plaintiff failed to state § 1983 claim against defendants where factual allegations of complaint failed to mention defendants at all); *Startup v. Bear Stearns Residential Mortg. Corp.*, No. SACV 10-01961 JVS (JCGx), 2011 WL 13227926, at *2 (C.D. Cal. Feb. 14, 2011) ("If a defendant is not mentioned in the body of the complaint, the complaint does not state a cause of action against that defendant.").

### IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. 21) is **granted**.

**IT IS FURTHER ORDERED** that Defendant Sherry R. Scott is **dismissed from this action with prejudice**, with each party to bear its own costs and attorneys' fees.

Dated this 8th day of March, 2022.

Honorable Steven P. Logan
United States District Judge