**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wanda Elaine Smith-Jeter,<br><br>    Plaintiff,<br><br>vs.<br><br>City of Scottsdale, et al.,<br><br>    Defendants. | No. CV-21-00846-PHX-SPL<br><br>**ORDER** |

Before the Court is Plaintiff Wanda Elaine Smith-Jeter's ("Plaintiff") Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 57). Plaintiff alleges that, on May 27, 2022, she and her husband were "forcibly removed" from their apartment and that they were not given an "Eviction Notice." (Doc. 57 at 1). She now requests that this Court issue a Temporary Restraining Order ("TRO") and preliminary injunction.

A party seeking injunctive relief under Rule 65 of the Federal Rules of Civil Procedure must show that: (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in the absence of injunctive relief; (3) the balance of equities tips in its favor; and (4) an injunction is in the public interest.[1] *Winter v. Nat. Res. Def. Council, Inc.*,

---

[1] The Ninth Circuit observes a "sliding scale" approach, in that these elements "are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Thus, by example, an injunction can issue where there are "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff… so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* at 1135.

555 U.S. 7, 20 (2008); *Pom Wonderful LLC v. Hubbard*, 775 F.3d 1118, 1124 (9th Cir. 2014); *Pimentel v. Dreyfus*, 670 F.3d 1096, 1105-06 (9th Cir. 2012); *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). Where the movant seeks a mandatory injunction, rather than prohibitory, injunctive relief is "subject to a heightened scrutiny and should not be issued unless the facts and law clearly favor the moving party." *Dahl v. HEM Pharms. Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993).[2]

        Here, Plaintiff's Motion fails to sufficiently address three of the four *Winter* factors. Plaintiff asserts that she is likely to succeed on the merits because she "believe[s] that the eviction was forced an[d] illegal because [she] was never served with an eviction notice [and] was therefore denied the opportunity to request a 'reasonable accommodation due to disability.'" (Doc. 57 at 2). This is an insufficient discussion of the first factor because it fails to address the merits *of the claims in Plaintiff's Complaint*. Plaintiff's Complaint contains claims related to discrimination and other alleged violations of Plaintiff's civil rights. (Doc. 55-1 at 3–6). The Complaint does *not* allege that her eviction was improper or otherwise invalid. Therefore, in discussing the first *Winter* factor, Plaintiff must sufficiently show that she is likely to succeed on the merits of *her discrimination and civil rights* claims, rather than discuss the merits of the eviction. Plaintiff also fails to meaningfully address the third and fourth factors of the *Winter* test. The Motion makes no mention at all of the "balance of equities" and otherwise fails to explain why the balance of equities tips in Plaintiff's favor. As to the fourth factor, Plaintiff makes only the conclusory assertion that "the TRO is in the public interest." (Doc. 57 at 2). Plaintiff does not provide any support for this assertion or otherwise explain *why* the public interest favors an injunction. In sum, Plaintiff's Motion must be denied because Plaintiff has not sufficiently carried her burden of showing that the *Winter* factors weigh in her favor. *See*

---

[2] "A mandatory injunction orders a responsible party to take action," while "a prohibitory injunction prohibits a party from taking action and preserves the status quo pending a determination of the action on the merits." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009) (internal quotation marks omitted). "The 'status quo' refers to the legally relevant relationship between the parties before the controversy arose." *Arizona Dream Act Coalition v. Brewer*, 757 F.3d 1053, 1060–61 (9th Cir. 2014).

*Env't Council of Sacramento v. Slater*, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000) ("The moving party carries the burden of proof on each element of [the] test.").

Even if Plaintiff had sufficiently addressed the four *Winter* factors, this Court would still be unable to issue a TRO or preliminary injunction because Plaintiff has not clearly stated the relief she seeks. Although it is evident that Plaintiff seeks injunctive relief, it is unclear what specific injunction she has in mind. The Court is unable to determine whether Plaintiff seeks an injunction overturning the eviction entirely, an injunction ordering Defendants to allow Plaintiff back into her home to retrieve her personal belongings and "medically necessary items," or some other form of injunctive relief.

In sum, this Court must deny Plaintiff's Motion because Plaintiff fails to sufficiently address three of the four *Winter* factors, and because Plaintiff has not clearly specified what form of injunctive relief she seeks. Nonetheless, given the nature of the harm alleged, the Court will exercise its discretion to deny Plaintiff's Motion *without prejudice*. Plaintiff shall have the opportunity to refile her Motion in a manner that sufficiently complies with this Order and Rule 65 of the Federal Rules of Civil Procedure.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 57) is **denied without prejudice**.

Dated this 31st day of May, 2022.

Honorable Steven P. Logan
United States District Judge