**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wanda Elaine Smith-Jeter,<br><br>        Plaintiff,<br><br>vs.<br><br>City of Scottsdale, et al.,<br><br>        Defendants. | No. CV-21-00846-PHX-SPL<br><br>**ORDER** |

Before the Court is Plaintiff Wanda Elaine Smith-Jeter's ("Plaintiff") Motion for Temporary Restraining Order and Motion for Legal Assistance and Counsel (Doc. 59). Plaintiff alleges that, on May 27, 2022, she and her husband were "forcibly removed" from their apartment. (Doc. 59 at 1). She alleges that they were not served with an eviction notice, in violation of state law. (*Id.* at 3). As a result, Plaintiff asserts that they were not afforded an opportunity "to appear in court and defend [themselves]" or to apply for "a reasonable accommodation due to disability." (*Id.* at 2). Plaintiff requests that this Court issue a temporary restraining order ("TRO") in response to her allegedly "illegal" eviction. Plaintiff additionally requests legal assistance and counsel.

On May 31, 2022, this Court denied Plaintiff's initial request for a TRO in part because Plaintiff failed to clearly state what she sought out of a TRO.[1] (Doc. 58 at 3). In

---

[1] Plaintiff's initial request was also denied because Plaintiff failed to sufficiently address the *Winter* factors. (Doc. 58 at 2); *see Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (holding that a party seeking injunctive relief must show that: (i) it is

other words, the Court was unable to determine whether Plaintiff sought injunctive relief overturning the eviction entirely, ordering Defendants to allow her back into her home to retrieve her personal belongings, or otherwise ordering Defendants to take some action or to prohibit them from taking some action.[2] (*Id.*). The denial was without prejudice, and Plaintiff was given the opportunity to refile the Motion. (*Id.*). In the present Motion, however, Plaintiff still has not explained what she wants to achieve with a TRO. If Plaintiff seeks *mandatory* injunctive relief, this Court is left without any idea of what action Plaintiff wants to force Defendants to take. If Plaintiff seeks *prohibitory* injunctive relief, this Court is left without any idea of what action Plaintiff wants to prohibit Defendants from taking. The Court simply cannot issue a TRO unless Plaintiff specifically explains what she wants the TRO to do.[3] Nonetheless, given the nature of the harm alleged and in the interest of justice and fairness, the Court will withhold ruling on Plaintiff's request and exercise its discretion to (i) expedite briefing and (ii) hold a hearing on Plaintiff's request for a TRO.

As to Plaintiff's request for legal assistance and counsel, the Court first notes that there is no constitutional right to the appointment of counsel in a civil case. *See Johnson v. U.S. Dep't of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991); *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). "However, a court may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to

---

likely to succeed on the merits; (ii) it is likely to suffer irreparable harm in the absence of injunctive relief; (iii) the balance of equities tips in its favor; and (iv) an injunction is in the public interest).

[2] "A mandatory injunction orders a responsible party to take action," while "a prohibitory injunction prohibits a party from taking action and preserves the status quo pending a determination of the action on the merits." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009) (internal quotation marks omitted). "The 'status quo' refers to the legally relevant relationship between the parties before the controversy arose." *Ariz. Dream Act Coal. v. Brewer*, 757 F.3d 1053, 1060–61 (9th Cir. 2014).

[3] Additionally, it is unclear whether Plaintiff is requesting a TRO that would enjoin *both* of the two remaining Defendants—City of Scottsdale and Al Angelo Company—or if Plaintiff is merely seeking a TRO against one of them.

28 U.S.C. § 1915(e)(1)." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (quoting *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004)); *see also* 28 U.S.C. § 1915(e)(1) (emphasis added) ("The court may request an attorney to represent *any* person unable to afford counsel."). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [litigant] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Palmer*, 560 F.3d at 970 (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "Neither of these considerations is dispositive and instead must be viewed together." *Palmer*, 560 F.3d at 970 (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Having considered both elements, Plaintiff has not shown that exceptional circumstances are present that would require the appointment of counsel in this case. Plaintiff has not demonstrated a likelihood of success on the merits at this stage, nor has she shown that she is experiencing difficulty in litigating this case because of the complexity of the issues involved. Instead, Plaintiff is in no different position than many *pro se* litigants. Having failed to show that exceptional circumstances are present, Plaintiff's request for appointment of counsel is denied.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Temporary Restraining Order and Motion for Legal Assistance and Counsel (Doc. 59) is **denied in part** to the extent Plaintiff requests legal assistance and counsel.

**IT IS FURTHER ORDERED** that the Court will **withhold ruling** on Plaintiff's Motion for Temporary Restraining Order and Motion for Legal Assistance and Counsel (Doc. 59) to the extent Plaintiff requests a TRO.

**IT IS FURTHER ORDERED** that Defendants shall have until no later than **June 7, 2022** to file any Response to Plaintiff's Motion; Plaintiff shall have until **June 9, 2022** to file any Reply in support of her Motion.

///

**IT IS FURTHER ORDERED** that a Hearing is set for **June 10, 2022 at 9:30 a.m.** before the Honorable Judge Steven P. Logan, United States District Judge, in the Sandra Day O'Connor United States Courthouse, located at 401 West Washington Street, Phoenix, Arizona, 85003, 5th Floor, Courtroom 501.

Dated this 3rd day of June, 2022.

*[signature]*
Honorable Steven P. Logan
United States District Judge